13-3766-CV
*Chan,Wong v. Smith*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of January, two thousand fourteen.

PRESENT:
> RALPH K. WINTER,
> RICHARD C. WESLEY,
> PETER W. HALL,
> *Circuit Judges.*

_____

CINDY K. CHAN and HUNG P. WONG,

*Plaintiffs-Appellants,*

-v.-                                                    13-3766

BARBARA SMITH and CLARENCE ALVIN DANIEL GASBY,
*Defendants-Appellees,*

_____

FOR APPELLANTS:       David Lawrence Berkey, Gallet Dreyer & Berkey, LLP, (Jerry A. Weiss and Eugene H. Goldberg, *on the brief*), New York, NY.

FOR APPELLEES:       Paul F. Corcoran, Davis & Gilbert LLP, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Baer, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED AND DECREED** that the judgment of the United States District Court for the Southern District of New York is **AFFIRMED**.

Plaintiffs-Appellants Cindy Chan and Hung Wong appeal from a decision issued by the United States District Court for the Southern District of New York (Baer, *J.*) dismissing their action for specific performance and denying as moot their motion for a preliminary injunction. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review *de novo* a district court's grant of a motion to dismiss, accepting as true all factual allegations in the complaint and drawing all reasonable inferences in favor of the plaintiffs. *City of Pontiac Gen. Emps.' Ret. Sys. V. MBIA, Inc.*, 637 F.3d 169, 173 (2d Cir. 2011). "[W]e review a district court's decision on a motion for preliminary injunction for abuse of discretion." *Zervos v. Verizon N.Y.*,

2

*Inc.*, 252 F.3d 163, 167 (2d Cir. 2001). Plaintiffs-Appellants commenced this litigation in July 2013 after Defendants-Appellees failed to perform on a real estate sales contract. The sales contract, for an apartment overlooking Central Park, gave a "Scheduled Closing Date" of "on or about April 2, 2013" and was contingent on the approval of the building's Cooperative Board. The contract also contained an express cancellation provision that allowed for either party to cancel if Board approval was not obtained "30 business days"after the "Scheduled Closing Date." The provision also allowed for cancellation by either party if "the Board refused consent at any time." On May 1, the Board refused consent and on May 30, Defendants-Appellees returned the down payment to Plaintiffs-Appellants canceling the contract. In the meantime, however, the Plaintiffs-Appellants had sought reconsideration from the Board. After two requests for reconsideration, the Board assented and approved the sale on June 14, 2013. As Defendants-Appellees contended that the contract was canceled, Plaintiffs-Appellants sought specific performance. The district court dismissed Plaintiffs-Appellants claims, Plaintiffs-Appellants now appeal.

The terms of the contract are unambiguous and the cancellation provision express and equitable. Nothing in the contract envisions reconsideration by the

3

Cooperative Board or a time line that is based from any "Scheduled Closing Date" other than April 2.

The district court did not err in dismissing the amended complaint for failure to state a claim, nor did it exceed its discretion in denying as moot the motion for preliminary injunction.  The judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk